VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

MANDY ANNE TRUMAN,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

Case No. CL20-3265-7

## MOTION CRAVING OYER AND ANSWER

Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), by counsel, for its Motion Craving Oyer and Answer to the Complaint previously filed herein, states as follows:

### I. Motion Craving Oyer

1. The Complaint purports to allege a claim for breach of a State Farm Personal Auto Policy arising out of a motor vehicle accident that occurred on or about August 2, 2013. The operative document(s) mentioned, but not attached, to the Plaintiff's pleading is the insurance contract which forms the basis of, and governs, Plaintiff's claim for breach of contract.

2. The Plaintiff should be compelled to produce and file the State Farm Personal Auto Policy which forms the basis for her contract claim, as "[n]o intelligent construction of any writing or record can be made unless all of the essential parts of such paper or record are produced." *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382, 191 S.E. 764, 765 (1937). "A litigant has no right to put blinders on the Court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view." *Id.* at 382-83, 191 S.E. at 765.

**EXHIBIT 2**

3. "A common law motion craving oyer requests the court [to] force a party to file an operative document mentioned in the pleadings, but not attached." *Penney v. Brock*, 84 Va. Cir. 459, 2012 WL 7874392, at *1 (Accomack County Cir. Ct., Apr. 24, 2012) (citing *Smith v. Wolsiefer*, 119 Va. 247 (1916)). "A Defendant may crave oyer of all documents that are necessary to form a basis of Plaintiff's claim, as all essential parts of a pleading are necessary to form an intelligent construction in of the pleadings." *Id.* (citing *Culpepper Nat'l Bank v. Morris, supra*).

4. *Penney v. Brock, supra,* involved claims of fraud and breach of contract by homeowners against their building contractor, alleging that the contractor failed to construct their residence in accordance with the contract plans and specifications. The defendant responded with a demurrer and motion craving oyer. The Court granted the motion craving oyer, holding in relevant part as follows: "In this matter, Defendants seek to have Plaintiffs append all plans and specifications, i.e., all related contract documents, to the Complaint. The parties' contract provides that the Standard Homes Plan Service Plans and Specifications are attached to the contract. As the Complaint alleges that Defendant failed to construct the residence in accordance with its plans and specifications, the plans and specifications are necessary to form a basis of Plaintiffs' claim." *Penney v. Brock, supra,* 84 Va. Cir. 459, 2012 WL 7874392, at *2; *see also Stromberg Sheet Metal Works, Inc. v. U.S. Fidelity & Guar. Co.*, 71 Va. Cir. 122, 2006 WL 1994544, at *1, n.1 (Fairfax County Cir. Ct., June 13, 2006) (in action on a payment bond, Court noted that contract between general contractor and subcontractor was made a part of the plaintiff's pleading by virtue of an order granting the surety's motion craving oyer); *NAP Chesterfield L.P. v. J.H. Martin & Sons, Contractors, Inc.*, 1999 WL 1486250, at *1, n.1 (Chesterfield Cir. Ct., Nov. 18, 1999) (noting that "[t]he Court considers the facts alleged as amplified by any agreements added to the record upon granting demurrant's motion to crave oyer

and may properly ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that are properly part of the pleadings"); *Spiller v. James River Corporation*, 32 Va. Cir. 300, 1993 WL 946387 (Richmond Cir. Ct., Dec. 23, 2003) (granting defendant's motion to crave oyer of documents which formed the basis of and governed plaintiff's contract claims).

5. In *Byrne v. City of Alexandria*, -- Va. --, 842 S.E.2d 409 (2020), the Supreme Court of Virginia recently noted that the longstanding remedy of craving oyer has been expanded by Virginia courts to include a "wide[] range of documents", including contracts and any other "written document mentioned in a claimant's pleading but not made a part of the record." 842 S.E.2d at 411–12. Where (as here) "the missing document is essential to the claim" and "a court is asked to make a ruling on any paper or record, it is [the court's] duty to require the pleader to produce all material parts." 842 S.E.2d at 412–13 (quoting *Culpeper National Bank v. Morris*, 168 Va. 379, 383, 191 S.E. 764 (1937)).

6. As alleged, the State Farm Personal Auto Policy mentioned in the Complaint is an essential part of the record which should be produced and added to the record of this case.

WHEREFORE, Defendant prays that this Honorable Court grant the instant Motion Craving Oyer, and order the Plaintiff to produce and file the insurance contract(s) which forms the basis for the claims alleged in the Complaint.

## II. Answer

Subject to and without waiving the foregoing Motion Craving Oyer, for its Answer to the Plaintiff's Complaint State Farm states as follows:

1. In response to the allegations in paragraph 1 of the Complaint, Defendant admits that it is an Illinois insurance company with its principal place of business in Bloomington, Illinois, which is authorized to transact business and issue insurance

3

policies in Virginia. Defendant further admits that its registered agent for service of process is Corporation Service Company, which is located in the City of Richmond.

2. In response to the allegations in paragraph 2 of the Complaint, Defendant admits Plaintiff was involved in an accident on or about August 2, 2013. The remaining allegations in paragraph 2 of the Complaint are denied.

3. In response to the allegations in paragraph 3 of the Complaint, State Farm admits that on the date of the alleged accident, the plaintiff was a named insured under a Personal Auto Policy of insurance issued by State Farm (Policy Number 134 1190-D15-46). State Farm further asserts that the terms, coverages, coverage limits and conditions of the applicable insurance policy are self-explanatory, and any inconsistent allegations in paragraph 3 of the Complaint are denied. The remaining allegations in paragraph 3 of the Complaint are denied.

4. The allegations in paragraph 4 of the Complaint are denied.

5. The allegations in paragraph 5 of the Complaint are denied.

6. In response to the allegations in paragraph 6 of the Complaint, State Farm admits that during the course of adjusting the Plaintiff's claim, letters were sent to the Plaintiff and/or the Plaintiff's counsel, the contents of which are self-explanatory. The remaining allegations in paragraph 6 of the Complaint are denied.

7. In response to the allegations in paragraph 7 of the Complaint, State Farm asserts that it has paid medical expense benefits totaling $24,483.20 in accordance with the terms of the applicable insurance policy. The remaining allegations in paragraph 7 of the Complaint are denied.

8. The allegations in paragraph 8 of the Complaint are denied.

9. Any and all allegations of the Complaint not specifically admitted above are denied.

10. State Farm denies that it is liable to the Plaintiff for any alleged damages, or for any sum of money.

11. State Farm denies that the alleged damages and/or expenses claimed herein are covered under the terms and conditions of the applicable insurance policy.

12. State Farm denies that the treatment and injuries claimed herein by Plaintiff were caused by the alleged motor vehicle accident.

13. State Farm denies that the medical bills claimed herein by Plaintiff were reasonable, necessary or causally related to the alleged motor vehicle accident.

14. State Farm denies that the Plaintiff has been damaged in the manner or to the extent alleged, and further denies that the Plaintiff is entitled to any of the relief or damages demanded in the Complaint.

15. The medical expenses for which Plaintiff seeks a recovery are not covered by the applicable insurance policy insofar as the expenses were not incurred for treatment or services for bodily injury caused by the subject accident.

16. The medical expenses for which Plaintiff seeks a recovery are not covered by the applicable insurance policy insofar as the expenses are and were unrelated to the subject motor vehicle accident.

17. The claims alleged in the Complaint may be barred or avoided, in part or in whole, insofar as the claimed medical expenses were not incurred for treatment or services for bodily injury caused by the subject motor vehicle accident.

18. The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that the Plaintiff has failed to fully comply with the

applicable policy terms and conditions. *See* Endorsement 6043AW Medical Expense and Income Loss Benefits Coverage – Virginia, Part E – Duties After An Accident Or Loss, which is incorporated herein by reference and provides in part:

> We have no duty to provide Medical Expense And Income Loss Benefits Coverage under this policy if the failure to comply with the following duties is prejudicial to us: …
>
> B. A person seeking Medical Expense And Income Loss Benefits Coverage must also:
>
>   1. Promptly give us written proof of claim, under oath if required. Such proof shall include:
>        a. Full particulars of the nature and extent of the "bodily injury" and treatment and rehabilitation received and contemplated; and
>        b. Any other information which may assist us in determining the amount due and payable.
>
>   2. Promptly send us copies of any notices or legal papers served or received in connection with the accident or loss.
>
>   3. Submit, as often as we reasonably require, to physical exams by physicians we select. We will pay for those exams.
>
>   4. Authorize us to obtain:
>        a. Medical reports; and
>        b. Other pertinent records.
>   Such records may be used by us in determining whether Income Loss Benefits are payable under this policy.

The policy specifically provides that "[n]o legal action may be brought against us under Medical Expense and Income Loss Benefits Coverage until there has been full compliance with all of the terms of this policy."

19. The claims alleged in the Complaint may be barred or avoided, in part or in whole, to the extent that the Plaintiff has failed to mitigate her alleged damages.

20. State Farm pleads as an affirmative defense payment, credit, offset and/or set-off with respect to all indemnity payments or sums previously paid by State Farm in connection with Plaintiff's claim under the subject insurance policy.

6

21. The claims alleged in the Complaint may be barred or avoided, in part or in whole, by the applicable statute of limitations.

22. The Complaint fails to state a claim or demand under Va. Code § 8.01-66.1, as amended, and fails to allege sufficient facts upon which the relief demanded under the statute can be granted.

23. State Farm will rely upon all other properly provable defenses to this action, and reserves the right to amend this Answer if at any time it is so advised.

WHEREFORE, State Farm prays that this Honorable Court enter an Order dismissing this action; for an award of its costs; and for such other relief as the Court deems appropriate.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Date: August 11, 2020     By: _____
Alexander S. de Witt, Esq. (VSB # 42708)
FREEBORN & PETERS LLP
901 East Byrd Street, Suite 950
Richmond, Virginia 23219
Phone: (804) 644-1300
Direct: (804) 799-7790
Fax: (804) 644-1354
E-mail: adewitt@freeborn.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2020, the foregoing MOTION CRAVING OYER AND ANSWER was delivered by e-mail and by first-class U.S. mail, postage prepaid, to Bryn Swartz, Esq., Pathfinder Injury Law, 3016 Mountain Road, Suite C, Glen Allen, VA 23060, Email: bswartz@pathfinderlaw.com.

_____
Alexander S. de Witt, Esq. (VSB # 42708)